Name: Jeffrey I. White II
Address: 17222 E. Palmer Way, Fountain Hills, AZ 85268
Phone:

FILED
2009 AUG 12 AM 9:41
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In Re: )  Chapter 13
Jeffrey White )  Case No. 09-06962
)
)  **Adv. 09-00926**
)
Debtor. )

See: Motion for TRO Dated 8/12/09

__Adversary Complaint__

Plaintiff: Jeffrey White

Defendant(s): CHASE BANK
Tiffany & Bosco P.A.
c/o Mark Bosco

1. Plaintiff met all the terms for the Forbearance Agreement made with Defendant however after accepting partial payments Defendant "Servicer" then continued with the wrongful foreclosure.

2. Defendant (Chase Bank (Brian Volz (Supervisor) carryfully sent file to Loss Litigation forcing Plaintiff into CH 13 Bankruptcy.

Date August 12, 2009   Signature Dr. Jeffrey I. White II

RECEIVED
2009 AUG 12 AM 9:40
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only)<br>Adv. 09-00926 |
|---|---|
| **PLAINTIFF(S)**<br>Jeffrey White | **DEFENDANT(S)**<br>CHASE BANK<br>Tiffany & Bosco c/o Mark Bosco |
| **ATTORNEY(S)** (Firm Name, Address, and Telephone No.)<br>Pro Se | **ATTORNEY(S)** (If Known) |
| **PARTY** (Check One Box Only)<br>[X] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Trustee  [ ] Other | **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Trustee  [ ] Other |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

WRONGFUL FORECLOSURE:

### NATURE OF SUIT

(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)
*Note: Only a complaint including an objection to discharge under 11 U.S.C. § 727 will defer the clerk's entry of the debtor's discharge in bankruptcy. A complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 does not affect the entry of a discharge with respect to other debts.*

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| [1] 11 - Recovery of money/property - § 542 turnover of property | [ ] 61 - Dischargeability - § 523(a)(5), domestic support |
| [2] 12 - Recovery of money/property - § 547 preference | [ ] 68 - Dischargeability - § 523(a)(6), willful and malicious injury |
| [3] 13 - Recovery of money/property - § 548 fraudulent transfer | [ ] 63 - Dischargeability - § 523(a)(8), student loan |
| [ ] 14 - Recovery of money/property - other | [ ] 64 - Dischargeability - § 523(a)(15), divorce/sep property settlement/decree |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | [ ] 65 - Dischargeability - other |
| [ ] 21 - Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | [X] 71 - Injunctive relief - reinstatement of stay |
| [ ] 31 - Approval of sale of property of estate and of a co-owner - § 363(h) | [ ] 72 - Injunctive relief - other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) – Subordination of Claim or Interest** |
| [ ] 41 - Objection/revocation of discharge - § 727(c), (d), (e) | [ ] 81 - Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) – Declaratory Judgment** |
| [ ] 51 - Revocation of confirmation | [ ] 91 - Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) – Determination of Removed Action** |
| [ ] 66 - Dischargeability - § 523(a)(1), (14), (14A) priority tax claims | [ ] 01 - Determination of removed claim or cause |
| [ ] 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud | **Other**<br>[ ] SS-SIPA Case - 15 U.S.C. §§ 78aaa et seq. |
| [ ] 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny<br>continued next column | [ ] 02 - Other (e.g., other actions that would have been brought in state court if unrelated to bankruptcy case) |
| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
| [X] Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

Form 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR Jeffrey White ||| BANKRUPTCY CASE NO. 09-0662 |
| DISTRICT IN WHICH CASE IS PENDING District of Arizona || DIVISIONAL OFFICE | NAME OF JUDGE Judge Baum |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) Dr. Jeffrey White II ||||
| DATE August 12, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Pro Se - Jeffrey L. White II |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.