3.

| PLANTIFF: | | DEFENDANT(S): |
|---|---|---|

**PLANTIFF:**

**JEFFREY WHITE**
**CASE # 09-06962**

Adu. 09-926

FILED

2009 SEP 23 AM 9: 21

CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

**DEFENDANT(S):**

**CHASE BANK**
Loan # 0021100748
Tiffany & Bosco P.A.
C/O Mark Bosco

**Motion for Temporary Restraining Order and/or Preliminary Injunction pending resolution of Adversary Hearing filed and recorded on April 9, 2009(Exhibit A) regarding:**

Parcel ID Number 176 10 022
17222 E. Palmer Way
Fountain Hills, Arizona 85268-571
Lot 16, Block 2, of Fountain Hills Arizona Final Plat No. 401B, According to the Plat of Record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 155 of Maps Page 12.

1. We met all the terms for the Forbearance Agreement made with DEFENDANT however after accepting partial payments (Exhibit B) Defendant "Servicer" then continued with the wrongful foreclosure - *Munger v. Moore.*

2. DEFENDANT– (CHASE Bank/Brian Volz/Supervisor) wrongfully sent file to Loss Litigation forcing us into CH 13 Bankruptcy.

3. Partial Payment was paid to DEFENDANT "Servicer" as agreed yet our home was still placed into FORCLOSURE. DEFENDANT'S "Servicer" actions have caused severe distress and damage to our family. We are also seeking damages for emotional distress in this wrongful foreclosure action.
*Young v. Bank of America; Anderson v. Heart federal Savings & Loan Assn.*

Again, there is an action pending which would allow one to assert a probability of success based on the merits, and would allow granting of Temporary Restraining Order and/or a Preliminary Injunction however, motion for adversary hearing filed and recorded on Aug 12, 2009,

23 day of September 2009

**Respectfully submitted this ~~12th day of August 2009~~,**

Jeffrey L. White II

09/24/2009

*Exhibit A*

# MOTION FOR ADVERSARY HEARING

**PLANTIFF:**

**DEFENDANT:**

**JEFFREY WHITE**

*CASE # 09-06962*

**PRO SE** *Adv. 09-926*

**CHASE BANK**
Loan # 0021100748

Motion for Adversary Hearing to Recover Property.

This letter is regarding property located at 17222 E. Palmer Way, Fountain Hills, AZ sold at Trustee Sale on November 26, 2007.

1. We met all the terms for the Forbearance Agreement made with DEFENDANT however after accepting partial payments Defendant "Servicer" then continued with the wrongful foreclosure - *Munger v. Moore.*

2. DEFENDANT– (Brian Volz/Supervisor) wrongfully sent file to Loss Litigation forcing us into CH 13 Bankruptcy.

3. During this process we filed 3+ **EMERGENCY REINSTATEMENTS/Pro Se**

4. We have over $100,000.00 in equity in our home

5. $50,000.00+ was paid to DEFENDANT "Servicer" as agreed yet our home was still placed into FORCLOSURE. DEFENDANT'S "Servicer" actions have caused severe distress and damage to our family. We are also seeking damages for emotional distress in this wrongful foreclosure action. *Young v. Bank of America; Anderson v. Heart federal Savings & Loan Assn.*

Respectfully submitted this 23 day of Sept 2009.

Jeffrey L. White II

Dr.

Exhibit B.

When recorded return to:
Gail Charloff
PO Box 7095
Phoenix, AZ 85011

# NOTE SECURED BY DEED OF TRUST
(Straight Note)

**$43,450**

On or before the sale of the property located at 17222 E Palmer Way. Fountain Hills, AZ 85268 for value received, Chevez White promise(s) to pay to

## GAIL CHARLOFF

Or order, at PO Box 7095, Phoenix, AZ 85011

The sum of **FOURTY THREE THOUSAND FOUR HUNDRED AND FIFTY DOLLARS ($43,450)**

PAYABLE: ·PAID IN FULL August 31, 2006 ALL DUE AND PAYABLE UPON THE SALE OF

THE PROPERTY OR August 31, 2006. Each day after sale or after August 31, 2006 Late fees of **$75** PER DAY will be incurred. For March 2006, note holder will make payment to Chase for $3,035.25, to Ocwen for $1065.75 and personally to White for $7,000.00. In April Charloff will pay $10,624.00 to Chase. White will self pay $10,624.00 sometime before the end of May or will be in breach of this agreement. Charloff will receive $4180.00 (which includes a $50 monthly service fee) for June July and August 2006, on the FIRST DAY of each month.

However, should default be made in payment of any installment when due the second mortgage holder, the whole sum of the loan shall become immediately due or ***at the option of the holder of this Note***, either a late fee of $15.00 day will be imposed or note holder may instead call the note all due and payable.

Principal and interest payable in lawful money of the United States.

The makers and endorsers hereof waive grace, presentment, demand, notice of dishonor and protest.

If suite brought to recover on this note, the undersigned agree(s) to pay such sum as the Court may fix as attorney's fees.

This Note is secured by a Deed of Trust

ACCEPTED AND APPROVED:

CHEVEZ WHITE/ JEFFREY WHITE

09/24/2009